IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM CHARLES GRAY,**

                **Plaintiff,**

    v.                                  CASE NO. 06-3193-SAC

**DR. JOYCE, et al.,**

                **Defendants.**

**O R D E R**

Before the court is a civil complaint filed by a prisoner while incarcerated in a Kansas correctional facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff seeks relief for the alleged violation of his constitutional rights. Plaintiff alleges that blinking lights in the facility resulted in impaired vision, and states he did not receive timely and appropriate treatment for eye pain and other medical problems. Plaintiff also alleges that prison staff improperly removed exhibits from his legal material, and retaliated against plaintiff in setting plaintiff's release date from the facility. Having reviewed the complaint, the court finds it is subject to being dismissed without prejudice based on plaintiff's apparent failure to fully exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), plaintiff is required to fully exhaust administrative remedies on all claims presented in his

complaint.[1]  *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Plaintiff has the burden of pleading exhaustion of administrative remedies, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

Although plaintiff documents full exhaustion through the Kansas Secretary of Corrections on grievances regarding medical care for problems and pain with his eyes, blinking lights in his cell, and medical care for other physical problems, no exhaustion of remedies is identified on plaintiff's remaining claims.  Accordingly, absent supplementation of the complaint to demonstrate full exhaustion of all claims presented to the federal court, the complaint is subject to being dismissed without prejudice.  *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 270 (1988), and Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005), plaintiff's complaint is deemed filed when it is given to prison authorities for mailing to the court.  Because plaintiff was a prisoner when he filed his complaint, this action is subject to the restrictions imposed by the Prison Litigation Reform Act enacted in 1996.  These restrictions include the full exhaustion of administrative remedies, 42 U.S.C. § 1997e(a).

2

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the record to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).  The failure to file a timely response may result in the dismissal of this matter without prejudice and without further prior notice to the plaintiff.

IT IS SO ORDERED.

DATED:  This 27th day of July 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge